# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TRINI REDMON**                                                                   **PLAINTIFF**

**V.**                                                              **NO. 3:16CV00257-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held July 11, 2017, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record because the ALJ improperly evaluated the November 2014 opinions of the claimant's treating neurologist, Dr. Mohamad Haididi. To begin, the ALJ's decision is based in part upon an erroneous interpretation of the Dr. Haididi's opinions regarding the claimant's ability to perform certain postural limitations. Specifically, the ALJ twice in his decision stated that Dr. Haididi opined the claimant was limited to *frequent* bending, squatting, crawling, reaching (above shoulder level), and pushing/pulling while standing; when in fact Dr. Haididi found the claimant could, at most, perform these activities on an *occasional* basis. Next, the ALJ effectively rejected Dr. Haididi's opinions that the

claimant should *never* climb; was limited with regard to reaching above shoulder level; could only stand two hours in an eight-hour workday; and had seizures that "may never be well controlled" (despite better compliance with medication).  The ALJ rejected Dr. Haididi's opinions though there was no treating or examining physician opinion controverting Dr. Haididi's opinions.

On remand, the ALJ must reconsider the claimant's RFC.  First, the ALJ will reevaluate Dr. Haididi's November 2014 medical source opinions.  Should the ALJ determine that Dr. Haididi's opinions are not sufficiently supported, the ALJ will either re-contact Dr. Haididi and seek further explanation regarding his opinions or order a new physical consultative examination and provide that examiner with all medical records in the file pertinent to the claimant's seizure impairment.  In either case, the ALJ must ultimately have a complete assessment from the physician regarding the claimant's ability to perform work activity (function-by-function) and a statement regarding the nature and frequency of the claimant's seizures.  Second, the ALJ will conduct a new hearing and obtain any necessary vocational evidence.  Ultimately, the ALJ will consider all of the evidence and determine whether there is any work the claimant can perform despite his limitations.  The ALJ may conduct any further proceedings deemed necessary, but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 17th day of July, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE